ROSE INDIERO, BY JOSEPH INDIERO, HER NEXT FRIEND, AND THE SAID JOSEPH INDIERO, PLAINTIFFS-APPELLEES, v. ANTONIO FAUSTO, DEFENDANT-APPELLANT.

Argued January 22, 1941—Decided March 15, 1941.

Before Brogan, Chief Justice, and Justices Parker and Perskie.

For the plaintiffs-appellees, *Feder & Rinzler* (*Joseph A. Feder* and *Jack Rinzler,* of counsel).

For the defendant-appellant, *Benjamin M. Ratner.*

Brogan, Chief Justice. The defendant appeals from a judgment recovered by the infant plaintiff for personal injuries. The sole ground on which a reversal of the judgment is rested is that the trial court erred in refusing to enter a nonsuit because, as the appellant argues, the plaintiff was guilty of contributory negligence as a matter of law and of assumption of risk.

The fact situation is that on August 23d, 1938, at half past nine in the evening, the infant plaintiff went to the home of her married sister in the City of Newark. The apartment house, located on a corner, accommodates several families and has two entrances, one at 21 Clifton avenue, the other on Eighth avenue. The doorway on the Clifton avenue side, through which plaintiff attempted to enter the house, led to a common passageway for the use of the tenants and was

under the defendant's control. The Eighth avenue entrance to the building, according to the testimony, was locked after eight o'clock at night. It appeared that the door was difficult to open, either the door knob and spring behind it, or both, not being in very good working order. The door knob was on the left side of the door. There were two panels of beveled glass in the door extending from approximately the middle of the door lengthwise to the top of it. The lower part of the glass panel immediately next to the door knob was broken. There was no light at the doorway. The infant plaintiff turned the knob with her left hand and, finding that the door did not open, put her right hand against the lower part of the panel reserved for glass and pushed against it, severely cutting her wrists on the jagged glass. Instead of a complete and intact pane of glass in the left door-panel, there was a piece of cardboard across the lower part of the long pane, where the glass was broken, which was fastened by tacks or nails on the inside. The trial court was entitled to accept this statement of fact as an accurate portrayal of the situation at the end of the plaintiff's case. With the proof in this state, the appellant says it was error to have rejected his motion for nonsuit, the contention being that from the outlined facts plaintiff was plainly guilty of contributory negligence and, further, that she assumed the risk of using a dangerous entrance. In our view this argument finds no support in the adjudications of this state.

The appellant relies on such cases as *Vorrath* v. *Burke*, 63 *N. J. L.* 188; *Saunders* v. *Smith Realty Co.*, 84 *Id.* 276; *Rooney* v. *Siletti*, 96 *Id.* 312; *Solomon* v. *Finer*, 115 *Id.* 404; *Harenburg* v. *August*, 119 *Id.* 83. We do not find it necessary to discuss the distinguishing features of these cases in detail except to say that in each of them there was foreknowledge, actual or implied, in the plaintiff that the use of the premises or facilities in question was hazardous and would perforce be so recognized by the average prudent person. The testimony in the instant case is that the infant plaintiff did not know that the door was defective or difficult to open; that she could not see the cardboard which was tacked into the panel in back of the broken glass; and, further, that she

ordinarily used the Eighth avenue entrance to the building which was open during the daytime. Neither do the facts in this case bring it within the principles laid down in *Costanzo* v. *Prudential Insurance Co.,* 121 *Id.* 361, where there were three passageways, one of them dangerous, and in which it appeared that the plaintiff knew of the dilapidated condition of the steps in the dangerous passageway which she elected to use; nor within the holding of *Bianchi* v. *South Park Presbyterian Church,* 123 *Id.* 325, where the plaintiff used a stairway with complete knowledge that there were two steps set at a dangerous angle but proceeded nonetheless to use the staircase which at the time was in total darkness.

We perceive no error in refusing to order a nonsuit at the end of the plaintiffs' case. This results in an affirmance of the judgment, with costs.